UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

       -v.-                       :      **SEALED INDICTMENT**

HAJI NAJIBULLAH,                  :      14 Cr. ____
  a/k/a "Najibullah Naim,"
  a/k/a "Abu Tayeb,"             :
  a/k/a "Atiqullah,"             :      **14 CRIM 401**
AKHUND ZADA,                      :
  a/k/a "Amir Ashraf," and
TIMOR SHAH,                       :

      Defendants.          :

- - - - - - - - - - - - - - - - - x

## COUNT ONE

The Grand Jury charges:

1.   From on or about November 10, 2008, up to and
including in or about July 2009, in an offense occurring in and
affecting interstate and foreign commerce, HAJI NAJIBULLAH, a/k/a
"Najibullah Naim," a/k/a "Abu Tayeb," a/k/a "Atiqullah," AKHUND
ZADA, a/k/a "Amir Ashraf," and TIMOR SHAH, the defendants, at least
one of whom will be first brought to and arrested in the Southern
District of New York, and others known and unknown, willfully and
knowingly seized and detained and threatened to kill, injure, and
continue to detain other persons, namely, a national of the United
States and two nationals of Afghanistan, and aided and abetted the
same, in order to compel a third person, a governmental organization,
and the United States Government to do and abstain from doing an act

as an explicit and implicit condition for the release of the persons
detained, to wit, the defendants, and others known and unknown,
detained and threatened to kill an American journalist and two Afghan
citizens in Afghanistan, and, in exchange for the release of the three
hostages, demanded money from the American journalist's family and
the release of Taliban prisoners by the United States Government.

(Title 18, United States Code, Sections 1203(a), 3238 and 2.)

### COUNT TWO

The Grand Jury further charges:

2.   From on or about November 10, 2008, up to and including
in or about July 2009, in an offense occurring in and affecting
interstate and foreign commerce, HAJI NAJIBULLAH, a/k/a "Najibullah
Naim," a/k/a "Abu Tayeb," a/k/a "Atiqullah," AKHUND ZADA, a/k/a "Amir
Ashraf," and TIMOR SHAH, the defendants, at least one of whom will
be first brought to and arrested in the Southern District of New York,
and others known and unknown, willfully and knowingly combined,
conspired, confederated and agreed together and with each other to
violate Title 18, United States Code, Section 1203(a).

3.   It was a part and an object of the conspiracy that HAJI
NAJIBULLAH, a/k/a "Najibullah Naim," a/k/a "Abu Tayeb," a/k/a
"Atiqullah," AKHUND ZADA, a/k/a "Amir Ashraf," and TIMOR SHAH, the
defendants, and others known and unknown, would and did seize and
detain and threaten to kill, injure, and continue to detain other

2

persons, namely, a national of the United States and two nationals of Afghanistan, in order to compel a third person, a governmental organization, and the United States Government to do and abstain from doing an act as an explicit and implicit condition for the release of the persons detained.

Overt Acts

4.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed:

a.   On or about November 10, 2008, HAJI NAJIBULLAH, a/k/a "Najibullah Naim," a/k/a "Abu Tayeb," a/k/a "Atiqullah," the defendant, caused a United States national who was a journalist and two Afghan citizens who were assisting the journalist to be detained by a group of machinegun-toting men in Afghanistan.

b.   On or about November 15, 2008, AKHUND ZADA, a/k/a "Amir Ashraf," the defendant, was part of a group of approximately six armed guards who forced the American journalist and the two Afghan citizens to hike across the border from Afghanistan to Pakistan.

c.   On or about November 19, 2008, while in Pakistan, NAJIBULLAH and a co-conspirator not named herein ("CC-1") directed the American journalist to call his wife in New York using a satellite telephone.

d.    From in or about December 2008 through in or about January 2009, while in Pakistan, CC-1 recorded two videos of the three hostages, each of which featured the three hostages begging for help while two masked guards stood over them and aimed machineguns at them.

e.    In or about April 2009, while in Pakistan, NAJIBULLAH recorded a video of the American journalist begging for help while the barrel of a machinegun was pointed at his face.

f.    From in or about January 2009, up to and including on or about June 19, 2009, while in Pakistan, TIMOR SHAH, the defendant, served as the head guard of the three hostages.

(Title 18, United States Code, Sections 1203(a) and 3238.)

                            COUNT THREE

The Grand Jury further charges:

5.    From on or about November 10, 2008, up to and including in or about July 2009, in an offense occurring in and affecting interstate and foreign commerce, HAJI NAJIBULLAH, a/k/a "Najibullah Naim," a/k/a "Abu Tayeb," a/k/a "Atiqullah," AKHUND ZADA, a/k/a "Amir Ashraf," and TIMOR SHAH, the defendants, at least one of whom will be first brought to and arrested in the Southern District of New York, and others known and unknown, willfully and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, used and

4

carried a firearm, and, in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, to wit, the defendants, and others known and unknown, possessed machineguns in furtherance of the offense charged in Count One of this Indictment.

(Title 18, United States Code, Sections 924(c)(1)(A),
924(c)(1)(B)(ii), 3238 and 2.)

### COUNT FOUR

The Grand Jury further charges:

6.      From on or about November 10, 2008, up to and including in or about July 2009, in an offense occurring in and affecting interstate and foreign commerce, HAJI NAJIBULLAH, a/k/a "Najibullah Naim," a/k/a "Abu Tayeb," a/k/a "Atiqullah," AKHUND ZADA, a/k/a "Amir Ashraf," and TIMOR SHAH, the defendants, at least one of whom will be first brought to and arrested in the Southern District of New York, and others known and unknown, unlawfully, willfully, and knowingly seized, confined, inveigled, decoyed, kidnaped, abducted, and carried away and held for ransom and reward and otherwise persons, namely, a national of the United States and two nationals of Afghanistan, and willfully transported the victims in foreign commerce, traveled in foreign commerce, and used a means, facility, and instrumentality of foreign commerce in committing and in furtherance of the commission of the offense, and aided and abetted the same, to wit, the defendants, and others known and unknown,

5

abducted an American journalist and two Afghan citizens in Afghanistan, held them for ransom in Pakistan, and made international telephone calls in furtherance of the commission of the offense. (Title 18, United States Code, Sections 1201(a)(1), 3238 and 2.)

### COUNT FIVE

The Grand Jury further charges:

7.   From on or about November 10, 2008, up to and including in or about July 2009, in an offense occurring in and affecting interstate and foreign commerce, HAJI NAJIBULLAH, a/k/a "Najibullah Naim," a/k/a "Abu Tayeb," a/k/a "Atiqullah," AKHUND ZADA, a/k/a "Amir Ashraf," and TIMOR SHAH, the defendants, at least one of whom will be first brought to and arrested in the Southern District of New York, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated and agreed together and with each other to violate Title 18, United States Code, Section 1201(a)(1).

8.   It was a part and an object of the conspiracy that HAJI NAJIBULLAH, a/k/a "Najibullah Naim," a/k/a "Abu Tayeb," a/k/a "Atiqullah," AKHUND ZADA, a/k/a "Amir Ashraf," and TIMOR SHAH, the defendants, and others known and unknown, would and did seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom and reward and otherwise persons, namely, a national of the United States and two nationals of Afghanistan, and willfully

transported the victims in foreign commerce, traveled in foreign commerce, and used a means, facility, and instrumentality of foreign commerce in committing and in furtherance of the commission of the offense.

### Overt Acts

9.   In furtherance of the conspiracy and to effect the illegal object thereof, HAJI NAJIBULLAH, a/k/a "Najibullah Naim," a/k/a "Abu Tayeb," a/k/a "Atiqullah," AKHUND ZADA, a/k/a "Amir Ashraf," and TIMOR SHAH, the defendants, and others known and unknown, committed the overt acts set forth in Count Two of this Indictment, which are fully incorporated by reference herein.

(Title 18, United States Code, Sections 1201(c) and 3238.)

### COUNT SIX

The Grand Jury further charges:

10.   From on or about November 10, 2008, up to and including in or about July 2009, in an offense occurring in and affecting interstate and foreign commerce, HAJI NAJIBULLAH, a/k/a "Najibullah Naim," a/k/a "Abu Tayeb," a/k/a "Atiqullah," AKHUND ZADA, a/k/a "Amir Ashraf," and TIMOR SHAH, the defendants, at least one of whom will be first brought to and arrested in the Southern District of New York, and others known and unknown, willfully and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, used and

7

carried a firearm, and, in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, to wit, the defendants, and others known and unknown, possessed machineguns in furtherance of the offense charged in Count Four of this Indictment.

(Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 924(c)(1)(C)(ii), 3238 and 2.)

FOREPERSON

PREET BHARARA
United States Attorney

8